UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**AUSTIN CARTER**,
*Individually, and on behalf of*
*others similarly situated,*

    Plaintiff,

v.                            Case No. _____

**JOE HAAS CONSTRUCTION & AWS, LLC**,    FLSA Collective Action
*a Tennessee Limited Liability Company*,       JURY DEMANDED

    Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Austin Carter, on behalf of himself and others similarly situated, brings this action against Defendant Joe Haas Construction & AWS, LLC ("Defendant") for violating the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and declaratory relief to establish that Plaintiff and those similarly situated who were permitted to work for Defendant on construction projects are employees as defined by § 3(e)(1) of the FLSA.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The Act was passed to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay statutory wages on time may be so detrimental to the maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers

and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707-08, (1945).

2. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked at the rates required by the FLSA, including overtime for all hours worked over forty (40) in a given workweek. Defendant failed to pay overtime wages to the Named Plaintiff, who suffered or was permitted to work for Defendant from on or about September 2018 until present. The Named Plaintiff, among other things, worked primarily as a general construction laborer engaged in the construction of poured concrete walls for Defendant at its job sites located in and around this District.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §§1331, 1337 and 29 U.S.C. §§ 206(d), 216(b).

4. The Court has authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in the Middle District of Tennessee, Nashville Division, because Plaintiff and others similarly situated performed work for Defendant in this District.

## III. EMPLOYER-EMPLOYEE RELATIONSHIP

6. The FLSA stretches the meaning of employee to cover some parties who might not qualify as such under a strict application of traditional agency law principles. *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 (1992).

7. The definition of employee is broad. *Rutherford Ford Corp. v. McComb,* 331 U.S. 722, 728 (1947).

8. In fact, it is clear that the definition of employment as it relates to the FLSA is the broadest definition that has ever been included in one act. *Shultz v. Hinojosa,* 432 F.2d 259, 264 (5th Cir. 1970).

9. Employment under the FLSA is as much a matter of circumstance as it is of consensual agreement. A relationship may exist between two parties whether or not either or both of them give it express recognition. *Gulf King Shrimp Co. v. Wirtz,* 407 F.2d 508, 512 (5th Cir. 1969).

10. Work not requested but suffered or permitted is considered compensable work time. 29 C.F.R. § 785.11.

11. Named Plaintiff and those similarly situated were required, permitted, or allowed to perform carpentry worked for Defendant at its job sites.

12. Defendant controlled and/or was responsible for the concrete and other building materials, among other things, at the job sites.

13. Plaintiff performed jobs (i.e. concrete work) that were/are an integral part of the home building and remodeling business of Defendants.

14. The work of Plaintiff was an integrated unit of production under such circumstances that Plaintiff was an employee of Defendant.

15. Plaintiff was economically dependent on Defendant, to which he rendered physical labor for approximately two (2) years at the time of the filing of this Complaint.

16. Even if Defendant did not request the work from Plaintiff, it permitted the work to be done.

17. Plaintiff did not have an independent business organization.

18. Joe Hass Construction & AWS, LLC's management officials kept close touch on the operations and job sites where Plaintiff was working on a daily basis.

19. Plaintiff depended upon Defendant for payment.

20. Plaintiff suffered or was permitted to work for Defendant from on or about September 2018 until the present, as defined by 29 U.S.C. § 203(g).

21. Defendant was considered the employer of Plaintiff as defined by 29 U.S.C. § 203(d).

22. At all material times, Joe Hass Construction & AWS, LLC has been an enterprise within the meaning of § 3(r) of the FLSA.

23. At all material times, Joe Hass Construction & AWS, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA, in that it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

24. Joe Hass Construction & AWS, LLC is in the business of constructing and pouring concrete walls for commercial and residential customers.

25. Specifically, Joe Hass Construction & AWS, LLC provides poured concrete for residential and commercial projects, retaining walls, and waterproofing solutions.

26. At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as contemplated by §§ 6 & 7 of the FLSA.

## IV. PARTIES

27. Plaintiff Austin Carter is an adult resident of Davidson County, Tennessee. During the applicable statutory period, Plaintiff worked as a general laborer for Defendant. Plaintiff's Consent to Join is attached hereto as *Exhibit 1*.

28. Defendant Joe Haas Construction & AWS, LLC is a Tennessee Limited Liability Company that conducts business in the Nashville, Tennessee area. At all times material to this Complaint, Joe Haas Construction & AWS, LLC had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in, or produced for commerce. The annual gross volume of Joe Haas Construction & AWS, LLC is in excess of $500,000.00 per annum at all material times hereto. Thus, at all material times to this Complaint, Joe Haas Construction & AWS, LLC was an enterprise engaged in commerce, or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 2013(r) and 203(s). According to the Tennessee Secretary of State, Defendant Joe Haas Construction & AWS, LLC can be served process via its registered agent, "Joe Haas Construction & AWS, LLC", at 1090 N. Greenhills Road; Mount Juliet, Tennessee 37122.

29. At all relevant times herein, Defendant was the "employer" of the Plaintiff and others similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

30. Defendant is and, at all times hereinafter mentioned was, engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned was, an enterprise within the meaning of 29 U.S.C. § 203(r).

31. Defendant is and, at all times hereinafter mentioned was, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(l)(A) in that it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendant is a

residential and commercial construction company. Joe Hass Construction & AWS, LLC performs these services within and throughout Middle Tennessee and does business in an annual amount of not less than $500,000.

## V. FLSA CLAIMS

32. Plaintiff was employed by Joe Hass Construction & AWS, LLC as a general laborer.

33. The FLSA requires covered employers, such as Joe Hass Construction & AWS, LLC to compensate all non-exempt employees at a minimum wage of $7.25 per hour and at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. During the applicable statutory period, Joe Hass Construction & AWS, LLC suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

34. Specifically, Plaintiff was required to perform work for Defendant at between forty-two (42) and in excess of fifty-six (56) hours per week.

35. Plaintiff has worked for Defendant from approximately September 2018 until the present. Defendant agreed to pay Plaintiff $17.00 per hour for all hours worked after May 2019. Prior to May of 2019, Plaintiff earned $16.00 per hour. During his employment, Plaintiff routinely worked in excess of forty (40) hours in a work week and was never compensated at a rate of one and one-half times his hourly rate of pay, and instead paid a flat hourly rate for all hours worked.

36. Plaintiff did not have access to Defendant's time records or payroll system.

37. As a result of their actions and the conduct described above, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.* Thus, Plaintiff has suffered a loss of wages.

38. By setting forth substantive wage, hour, and overtime standards, the FLSA seeks to prohibit labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. 29 U.S.C § 202(a).

39. By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages, plus incurred costs, and reasonable attorney's fees.

40. Plaintiff is in possession of check stubs issued from around March 29, 2019 through October or November 2019. Any other time and pay records concerning the number of hours actually worked and the compensation actually paid, if any, to Plaintiff are in the possession and custody of Defendants.

41. However, upon information and belief, Defendant failed to accurately record, report, and/or preserve records of hours worked by Plaintiff, and Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

42. The foregoing conduct on the part of Defendant constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

## **VI. COLLECTIVE ACTION ALLEGATIONS**

43. Plaintiff brings this case as a collective action on behalf himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

44. The proposed collective class of similarly situated persons is defined as:

> All current and former non-exempt workers/laborers employed by
> Defendant who were subjected to and suffered by Defendant's

Page **7** of **12**

Case 3:20-cv-00409   Document 1   Filed 05/14/20   Page 7 of 12 PageID #: 7

policies and practices of not paying overtime compensation for any time worked over forty (40) in a given within the three (3) years preceding the filing of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).[1] ("Class Members")

45. Plaintiff seeks to pursue the aforementioned unpaid wage claims against Defendant on behalf of himself, individually, and on behalf of himself and all other similarly situated non-exempt employees as a class.

46. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a centralized timekeeping system that resulted in a failure to pay Plaintiff and class members for all the aforementioned unpaid working time, as required by the FLSA.

47. Moreover, this action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's timekeeping, payroll and operational policies, practices, and plans.

48. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted, or refused to act, on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

49. Named Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to prove and then eradicate Defendant's unlawful practices of failing to pay applicable overtime compensation, as

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

hereinbefore described.

50. Counsel for Plaintiff will adequately protect his interests as well as the interests of all class members.

51. Defendant subjected Plaintiff and class members to work more than forty (40) hours per week without compensating them at the applicable FLSA overtime compensation rate of pay.

52. Defendant knew Plaintiff and class members performed work over forty (40) hours per week that required overtime compensation to be paid. Nonetheless, Defendants operated under a common policy, practice, and plan to deprive Plaintiff and class members of such FLSA required overtime compensation.

53. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

54. Defendant's conduct was not in good faith by its failure to compensate Plaintiff and the class members for all hours worked at the FLSA applicable overtime compensation rates of pay.

55. Therefore, Defendant is liable to Plaintiff and the class members under the FLSA for failing to properly compensate them for all overtime compensation – within applicable weekly pay periods during all relevant times herein.

56. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

57. Plaintiff estimates there are twenty-five (25) putative members of the collective class in and around the Middle District of Tennessee. While Plaintiff is not able to exactly calculate the size of the putative class at this time, the precise number of collective class members can be

easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents. Given the composition of the putative class, members of the collective class should be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice in all of Defendant's work sites.

58. Plaintiff and class members' unpaid overtime claim damages may be determined partially by an examination of Defendant's payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands judgment against Defendant, as well requests this Court to grant the following relief against Defendant:

A. Judgment against Defendant for an amount equal to unpaid back wages at the applicable overtime rates;

B. Judgment against Defendant that its violations of the FLSA were willful;

C. An Order designating this action as an opt-in collective action (conditional certification) on behalf of the class for claims under the FLSA and promptly issuing notice pursuant to 29 U.S.C. § 216(b) for the claims of the class, apprising class members of the pendency of this action, and permitting other members of the class to assert timely FLSA claims resulting from the same policies or practices of Defendant by filing individual Consents to Join;

D. An equal amount to the overtime damages as liquidated damages;

E. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer" under 29 U.S.C. § 203(d);

H. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit;

I. A ruling that the three (3) year statutory period for willful violations under the FLSA shall apply in this action;

J. A Declaration that Defendant's actions constitute a willful violation of the FLSA;

K. All pre-judgment and post-judgment interest and costs to which Plaintiff may be entitled under the law of the state of Tennessee; and

L. For all such further relief as the Court deems just and equitable.

Dated: May 14, 2020                    Respectfully submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*

and

Nina Parsley (TN BPR #23818)
**PONCE LAW**
400 Professional Park Drive
Goodlettsville, TN 37072
*nina@poncelaw.com*

*Attorneys for Plaintiff(s)*